17-2593
Manley v. Champlain Stones, Ltd.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 7th day of November, two thousand eighteen.

Present:
> ROSEMARY S. POOLER,
> RAYMOND J. LOHIER, JR.,
> SUSAN L. CARNEY,
> *Circuit Judges*.

_____

DUJON LUTHER MANLEY,

> *Plaintiff-Appellant*,

v.                                                                          17-2593

CHAMPLAIN STONES, LTD., JANE DOE, JOHN DOE #1, JOHN DOE #2,[1]

> *Defendants-Appellees*.

_____

Appearing for Appellant:     Dujon Luther Manley, pro se, Batavia, N.Y.

Appearing for Appellee:      Sanjeeve Kumar DeSoyza, Bond, Schoeneck & King, PLLC, Albany, N.Y.

Appeal from the United States District Court for the Northern District of New York (Mordue, *J.*).

---

[1] The Clerk of the Court is directed to amend the caption as above.

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Appellant Dujon Manley, pro se, appeals from the August 9, 2017 judgment of the United States District Court for the Northern District of New York (Mordue, *J.*), adopting the magistrate judge's report and recommendation to dismiss Manley's amended complaint against his former employer Champlain Stones, Ltd. for discrimination based on alienage under 42 U.S.C. § 1981 and for violating state labor laws. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We review the sua sponte dismissal of a complaint de novo. *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004). Pro se submissions are reviewed with special solicitude and "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks omitted) (emphasis omitted).

The district court correctly dismissed Manley's Section 1981 claim that his former employer fired him because he was not a U.S. citizen and was not authorized to work in the United States. Section 1981 prohibits discrimination in the making and enforcement of contracts, including employment contracts, based on alienage—i.e., a person's citizenship status. *Anderson v. Conboy*, 156 F.3d 167, 169 (2d Cir. 1998). In *Anderson v. Conboy*, we concluded that while Section 1981 prohibits alienage discrimination, the statute cannot be construed to require employers to hire aliens who are not authorized to work in the United States. *Id.* at 180. When an employer refuses to hire or fires an alien because he or she is not authorized to work in the United States, "that employer is discriminating on the basis not of alienage but of noncompliance with federal law." *Id.* Here, Manley alleged that he was fired because he was not a U.S. citizen and was not authorized to work in the United States. Manley was not fired simply because he was an alien; he was fired because he was an alien who was not authorized to work in the United States. Thus, Manley failed to allege facts that could be construed to state a claim for alienage discrimination.

Because the district court dismissed Manley's Section 1981 claim, the only claim over which it had original jurisdiction, it did not abuse its discretion by declining to exercise supplemental jurisdiction over Manley's state law claims. *See Kolari v. N.Y.-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("[A] district court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction." (internal quotation marks omitted)).

We have considered the remainder of Manley's arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED. Each side to bear its own costs.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk